**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOSH MATTHEWS, on behalf of himself and all others similarly situated,<br><br>   *Plaintiff,*<br><br>v.<br><br>CRESCO LABS, INC.; CRESCO LABS, LLC; CRESCO U.S. CORP.; CRESCO EDIBLES, LLC; TSC CRESCO, LLC; CRESCO LABS JOLIET, LLC; CRESCO LABS KANKAKEE, LLC; CRESCO LABS LOGAN, LLC; CRESCO LABS NOTES ISSUER, LLC,<br><br>   *Defendants.* | Case No. 1:25-CV-01928<br>Honorable Georgia N. Alexakis |

**PLAINTIFF'S MOTION TO REMAND OR, IN THE ALTERNATIVE,
<u>TO ALLOW EXPEDITED JURISDICTIONAL DISCOVERY</u>**

Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
Teresa M. Becvar
Justin M. Caparco
**STEPHAN ZOURAS, LLC**
222 W. Adams Street
Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.com
tbecvar@stephanzouras.com
jcaparco@stephanzouras.com

Jamie Holz
Laura Luisi
**LUISI HOLZ LAW**
161 N. Clark Street
Suite 1600
Chicago, Illinois 60601
312.639-4478
LuisiL@luisiholzlaw.com
HolzJ@luisiholzlaw.com

## INTRODUCTION

This case belongs in Illinois state court because the parties, conduct, and claims are exclusively centered in Illinois. Plaintiff and Defendants are citizens of Illinois, the claims arise under Illinois law, and the class consists of individuals who purchased Defendants' products in Illinois. After careful consideration of the proper venue for this local dispute, Plaintiff appropriately filed in state court. Defendants' removal under the Class Action Fairness Act ("CAFA") is improper for two reasons.

First, Defendants failed to provide evidence supporting minimal diversity, ignoring established Seventh Circuit precedent. The law is clear: removal is inappropriate where the defendant cannot identify a diverse class member. *See Dancel v. Groupon, Inc.*, 940 F.3d 381, 386 (7th Cir. 2019). This shortcoming alone is fatal to Defendants' removal and warrants remand. *See McKenzie v. Atraxia, LLC, et al.*, Case No. 25-CV-01777, Dkt No. 11 (N.D. Ill. Feb. 21, 2025).

Second, CAFA's exceptions are each squarely applicable and mandate remand in this case. Both the local controversy and home-state exceptions apply because, among meeting the other requirements for these exceptions, it is likely that more than two-thirds of the putative class members are citizens of Illinois. This can be easily established by the evidence readily available to Defendants and in their possession. Likewise, the discretionary exception to CAFA favors removal where, as here, the interests of justice require it.

If the Court determines additional evidence is required to demonstrate the applicability of CAFA, an express and mandatory exception to CAFA, or to aid in weighing whether to exercise its discretion to deny the application of CAFA, Plaintiff requests leave to conduct limited jurisdictional discovery. Courts routinely grant such relief in similar circumstances, recognizing plaintiffs' burden of proof and that such relevant evidence is readily available to defendants,

1

particularly where, as here, Defendants' own data is likely to prove that the exceptions to CAFA apply. Specifically, Defendants have access to extensive sales and state ID records probative of the class members' citizenship.

For these reasons, Plaintiff moves to remand this case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. §§ 1332(d)(4)(A)-(B), and 1447(c), or, in the alternative, to grant leave for expedited jurisdictional discovery.

## I.      PROCEDURAL BACKGROUND

Plaintiff, an Illinois citizen, filed this case in the Circuit Court of Cook County on December 2, 2024, against several Illinois-based Defendants. *See* Dkt. No. 1, ¶ 15; *see also* Dkt. No. 1-1, ("Complaint") ¶¶ 17–18. Plaintiff alleges that Defendants sold Vapable Oil products containing THC levels that vastly exceeded the legal limits in Illinois (the "Vape Products"). (Compl. ¶¶ 1–3.) The proposed class definition includes only individuals who purchased Defendants' Vape Products "in the State of Illinois." (*Id.* ¶ 125.)

The Complaint alleges several violations of Illinois law, including the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1, *et seq.*), the Illinois Consumer Fraud Act (815 505/1, *et seq.*), breach of warranties, and common law torts of fraud, fraudulent concealment, and unjust enrichment. (*Id.* ¶¶ 1, 131–259.) In fact, *all* of the relevant conduct at issue – the manufacture, the representations made in regard to each product, the transaction in which each product was sold, and the harm suffered by each Class Member – occurred in the State of Illinois.

On February 24, 2025, Defendants removed this action under CAFA. (Dkt. No. 1.) Their Notice of Removal categorically asserts that "this Court has jurisdiction over this matter pursuant to CAFA." (*Id.* ¶ 33.) As set forth below, Defendants have not established grounds for federal jurisdiction, and remand is warranted.

## II.  MEET-AND-CONFER

Pursuant to Local Rule 37.2 and this Court's Standing Order, the Parties met-and-conferred about this motion via email and video-conference, and Defendants oppose the motion.

Accordingly, the parties agreed to the following briefing schedule: Defendant to file their opposition on April 11, 2025; Plaintiff to file his reply on April 25, 2025. The parties also agreed to stay Defendants' responsive pleading deadline pending the outcome of this motion.

## III.  LEGAL STANDARD

CAFA gives federal courts original jurisdiction over class actions where, *inter alia*, "the aggregate amount in controversy exceeds $5,000,000"; "any member of the plaintiff class is a citizen of a state different from any defendant ('minimal diversity')"; and "the number of members of the plaintiff class is 100 or more." *Hart v. FedEx Ground Package Sys. Inc*., 457 F.3d 675, 679 (7th Cir. 2006) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)). The party asserting jurisdiction bears the burden of establishing these facts. *See Henry v. Abbvie, Inc.*, No. 23 CV 16830, 2024 WL 427807, at *3 (N.D. Ill. Sept. 24, 2024). To satisfy CAFA's requirements, the removing party must identify at least one specific diverse class member to demonstrate diversity. *Dancel v. Groupon, Inc.*, 940 F.3d 381, 386 (7th Cir. 2019); *see also Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 733 (7th Cir. 2017) (finding the conclusory statement "a member of a class of plaintiffs is a citizen of a state different from defendant" insufficient to establish minimal diversity and requiring the name and state of citizenship of at least one diverse class member).

In instances where, like here, the underlying facts and issues are inextricably linked to a single state, Congress imposed two exceptions to CAFA which require the abstention of the court's exercise of jurisdiction. The first is the home-state exception, under which a district court "*shall* decline to exercise jurisdiction" when "two-thirds or more of the members of the proposed plaintiff

class and the primary defendants are citizens of the original filing state." *Hart*, 457 F.3d at 679 (emphasis added) (citing § 1332(d)(4)(B)). The second is the local controversy exception, under which a court "*must* decline jurisdiction" where issues at hand are so locally focused on the filing state that abstention of federal jurisdiction is required. *See id.* (emphasis added).

CAFA also allows for a discretionary exception, which provides that a court "may, in the interests of justice[,] decline to exercise jurisdiction" over a class action when "the primary defendants are citizens of the State in which the action was originally filed and greater than one-third, but less than two-thirds of the class members are citizens of the State in which the action was originally filed." *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 585 (7th Cir. 2017) (quoting 28 U.S.C. § 1332(d)(3) (internal quotation omitted)).

## IV.    ARGUMENT

### A.    Defendants Do Not Meet Their Burden to Establish CAFA's Minimal Diversity Requirement.

The case for remand is straightforward: Defendants failed to plausibly allege or adequately support CAFA's minimal diversity requirement. Courts interpret removal statutes narrowly and resolve any doubts in favor of the state court. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). "Defendants bear th[e] burden to present *evidence* of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt." *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997) (emphasis in original). The allegations must be "plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). The Seventh Circuit has identified how to meet this burden, including through reliance on the allegations of the complaint, reference to informal estimates or settlement demands made by plaintiffs, or by introducing evidence in the form of affidavits from defendant's employees or experts. *Roppo*, 869 F.3d at 579. Courts in this District do not hesitate to remand cases where,

like here, the removing party fails to provide evidence supporting federal jurisdiction. *See Petrakis v. Compu-Link Corp.*, No. 21-CV-3910, 2021 WL 4745250, at *2 (N.D. Ill. Oct. 12, 2021) (remanding where defendants failed to provide evidence in support of their asserted amount-in-controversy).

The Seventh Circuit unequivocally requires parties relying on CAFA to establish minimum diversity by identifying the "name and state of citizenship of at least one plaintiff whose citizenship is diverse" from a defendant. *Toulon*, 877 F.3d at 733 (7th Cir. 2017). Trial courts strictly enforce the Seventh Circuit's directives. For example, in response to a notice of removal under CAFA filed in a materially similar case, Judge Alonso ordered defendants, *sua sponte*, to identify a diverse class member by name and state of citizenship or face remand. *McKenzie v. Ataraxia, LLC, et al.*, Case No. 25-CV-1777, Dkt. No. 11 (N.D. Ill. Feb. 21, 2025) (citing *Dancel*, 940 F.3d at 385).

While Defendants vaguely claim to have "identified putative class members" who are not Illinois citizens, they do not identify any such class member in their removal papers, provide any evidence substantiating the existence of such a class member, or offer any other explanation or evidence for their conclusory assertions. (Dkt. No. 1, ¶ 14.) These omissions cannot be overlooked; courts are not allowed to rely on "guesswork" to establish citizenship. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010) (courts cannot rely on "phone numbers or mailing addresses" to establish citizenship).

Defendants fail to explain how the citizenships of the purportedly non-Illinois citizens were determined or provide the evidence they relied upon to do so. *Toulon*, 877 F.3d at 733 ("[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence") (quoting *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). Defendants' declaration does not help: it merely claims that "internal records indicate that a

number of individuals who are not Illinois residents also shopped at one of our Sunnyside locations …" (Dkt. No. 1-2, ¶ 7.) It does not explain what internal records were consulted and how those records establish that the individuals are not Illinois *citizens*. By failing to provide evidence identifying a diverse member of the putative class or establish any basis for alleging such individuals even exist, Defendants did not show minimal diversity.[1] Defendants, therefore, failed to satisfy their burden of establishing that the Court has jurisdiction pursuant to CAFA. Accordingly, this case should be remanded to Illinois state court.

**B.      Even if Defendants' Notice of Removal Was Proper (It Is Not), CAFA's Exceptions Require Remand.**

**1.      Remand is Warranted Under CAFA's Home State Exception – Section 1332(d)(4)(B).**

CAFA's home state exception is satisfied here. This exception requires a court to decline jurisdiction when at least two-thirds all proposed class members and the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B); *In re Sprint Nextel Corp.*, 593 F.3d at 671. Here, it is all but certain that more than two-thirds of the putative class members are Illinois citizens because the class is limited to individuals who purchased Defendants' Vape Products in the State of Illinois. (Compl. ¶ 125.) Each of the underlying transactions at issue here occurred in Illinois. Because federal and Illinois law prohibit the sale or transportation of Illinois cannabis products outside of Illinois, it is likely that the majority of the class that purchased Vape Products in Illinois are citizens of Illinois. Even if some members of the class were citizens of other states who travelled to Illinois to purchase and consume the Vape Products, Defendants have offered no proof *any* class member (let alone more than a third) did so.

---

[1] Although it is possible that some non-Illinois citizens crossed state lines to purchase Defendants' products in Illinois, mere possibility falls short of the plausibility standard. *See Hughes v. Nw. Univ.*, 63 F.4th 615, 628 (7th Cir. 2023).

Defendants failed to produce this information in support of removal, despite having exclusive access to extensive sales records that likely include material information about the citizenship of the class members – including their state ID information, home addresses, phone numbers, billing addresses, and self-identified states of class members' residence.

Illinois also has an extensive sales tracking system to support its cannabis industry, often referred to as a "seed-to-sale" software, which tracks the sale of a plant from its inception as a seed to its ultimate sale at a dispensary.[2] Those records demonstrate that the overall percentage of cannabis sales attributable to out-of-state consumers in 2023 and 2024 was roughly 25% of total sales overall.[3] Defendants indisputably possess this sales information; indeed they and other cannabis companies provide this data to the State. As such, the home state exception to CAFA applies and this Court must decline to exercise jurisdiction.

> **2.      Remand is Warranted Under CAFA's Local Controversy Exception – Section 1332(d)(4)(A).**

Alternatively, this action should also be remanded under the local controversy exception to CAFA pursuant to 28 U.S.C. § 1332(d)(4)(A), which requires that federal courts abstain from exercising federal jurisdiction over class actions that are "essentially local in nature." *Hart*, 457 F.3d at 677; *Preston*, 485 F.3d at 812 ("Congress crafted CAFA to exclude … truly localized controversies"); *see also Page v. Alliant Credit Union*, 52 F.4th 340, 345 (7th Cir. 2022) ("CAFA's

---

[2]    *See*      https://cannabis.illinois.gov/agencies/cannabis-idoa/agriculture-licensee-services/agriculture-biotrack.html (last visited Mar. 20, 2025) ("Seed to sale software is specialized inventory management software that tracks legal cannabis plants from their early life cycle until the final sale to the end consumer.").

[3]    *See* Illinois 2023 Annual Cannabis Report – IDFPR, p.12, *available at* https://idfpr.illinois.gov/content/dam/soi/en/web/idfpr/forms/auc/fy-2023-idfpr-annual-cannabis-report.pdf; *see also* https://gov.illinois.gov/news/press-release.30910.html (identifying out-of-state sales as roughly 25% of overall cannabis sales for the 2024 sales year).

jurisdictional requirements appear to be satisfied. But CAFA requires a district court to abstain from exercising jurisdiction over some actions that meet its requirements."). CAFA *requires* federal courts to "decline to exercise jurisdiction" when: (1) more than two-thirds of the members of the proposed class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case. *Hart*, 457 F.3d at 679 (citing § 1332(d)(4) and discussing express exceptions). Each condition is met here.

The first condition of the CAFA local controversy exception is also a requirement to the home-state exception – that it is likely, based on the evidence readily available, that two-thirds of the putative class members are citizens of Illinois. As discussed *supra*, this condition is met.

The requirements of the second condition are also met. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa)-(cc). There is no dispute that at least one Defendant is a citizen of Illinois. (Dkt. No. 1, ¶ 15.) Defendants' actions in Illinois form a significant basis of Plaintiff's claims and the entirety of relief sought arises from this conduct. Plaintiff alleges Defendants jointly produce, market, and sell the Vape Products at issue in Illinois, and that all of the transactions at issue occurred *in Illinois*. (Compl. ¶¶ 7–15, 17–25, 34–39, 125.) This conduct not only serves as a significant basis for Plaintiff's claims; it is the sole cause for each claim asserted. Thus, the second condition of 28 U.S.C. § 1332 (d)(4)(A)(i)(II)(aa)-(cc) is satisfied.

The third condition, that the principal injuries were incurred in the original filing state, has also been met. The Vape Products can only be produced and sold in the State of Illinois, each

underlying transaction occurred in the State of Illinois, and – accordingly – the putative class is defined to restrict membership to those who purchased the Vape Products in the State of Illinois. (Compl. ¶¶ 3, 125.) All injuries resulting from Defendants' actions occurred in Illinois – the state in which this action was originally filed – and the class definition reflects that Plaintiff seeks to remedy only acts which occurred in Illinois. Thus, the third condition satisfied.

Finally, the fourth condition of CAFA is satisfied because, to Plaintiff's knowledge, and based on an investigation by his attorneys, no other class action has been filed in the preceding three years that asserts the same or similar factual allegations against Defendants. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). As a result, the entirety of this case must be remanded under CAFA's local controversy exception.

### 3. Remand is Proper Under CAFA's Discretionary Exception – Section 1332(d)(3).

Even if the Court finds that less than two-thirds of the putative class are Illinois citizens, in its discretion, it may – and should – decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3). CAFA permits the Court

in the interests of justice and looking at the totality of the circumstances, [to] decline to exercise jurisdiction" where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger

than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F)     whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

Here, the first three factors heavily weigh in favor of remand. (A) This case does not involve matters of national or interstate interest as the Illinois cannabis industry and the transactions at issue are purely intrastate. (B) The regulations and laws at issue are *solely* those of the State of Illinois and the products at issue are produced by Illinois licensed entities. (C) Plaintiff and Defendants are Illinois citizens, and the putative class is limited to individuals who purchased the Vape Products at issue in the State of Illinois.

The final three factors likewise favor remand. Regarding factor (D), Plaintiff, as mentioned above, is a citizen of Illinois bringing claims against Illinois cannabis companies on behalf of a putative class of consumers who purchased Vape Products in Illinois. This case was filed in Cook County, the most populous county in the State of Illinois, and where a significant number of underlying transactions, including Plaintiff's, likely occurred. (Compl. ¶ 41.) Cook County, and more broadly Illinois, therefore have a distinct nexus with the class such that remand is appropriate.

Factor (E) favors remand when the number of citizens from the State in which the action was filed is substantially larger than the number of citizens from any other state, and the citizenship of other class members is dispersed among a substantial number of states. This is almost certainly true here given the putative class being constrained to individuals who purchased Vape Products in the State of Illinois, and the corresponding sales data, discussed above, demonstrates that the bulk of transactions at issue were to Illinois citizens. Defendants' removal papers also support such

10

a finding, where they claim to have identified class members from multiple states. (Dkt. No. 1, ¶ 14.) Had Defendants produced evidence to substantiate their claims, it would have demonstrated only that the limited number of Vape Products sold to non-Illinois citizens, if any, is diluted further on a by-state basis, reinforcing that the highest proportion of class members are Illinois citizens.

Lastly, factor (F) is also satisfied. Plaintiff's counsel's investigation has not revealed any other cases arising from Defendants' alleged conduct regarding its relevant Vape Products. As such, each factor weighs in favor of this Court's abstention of jurisdiction and order of remand. *Kessler v. Am. Resorts International's Holiday Network, Ltd.*, No. 05 C 5944, 2007 WL 4105204, at *11–12 (N.D. Ill. Nov. 14, 2007), *adhered to on reconsideration*, No. 05 C 5944, 2008 WL 687287 (N.D. Ill. Mar. 12, 2008) (finding abstention appropriate where each of the factors is met and granting remand). Thus, discretionary remand is appropriate here.

### C. In the Alternative, the Court Should Order Limited Jurisdictional Discovery to Determine Whether CAFA's Exceptions Apply.

Alternatively, the Court should order limited jurisdictional discovery to determine whether CAFA's exceptions apply. While it strains credulity that less than two-thirds of class members are Illinois citizens, Plaintiff nonetheless bears the burden of showing that any of the CAFA exceptions apply. *See Myrick*, 764 F.3d at 665. The Seventh Circuit has already spoken on this issue, holding that "plaintiffs have the right" to engage in jurisdictional discovery when exceptions might apply. *Hart*, 457 F.3d at 682. This aligns with the fundamental principle that courts must ensure they have subject matter jurisdiction before proceeding, as it is not waivable and "always comes ahead of the merits." *Luster v. JRE Fin., LLC*, No. 3:21-CV-00698-MAB, 2022 WL 255408, at *2 (S.D. Ill. Jan. 27, 2022) (quoting *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007)). In deciding whether to allow jurisdictional discovery as to the applicability of the CAFA exceptions, courts look to two factors: (1) whether the plaintiff made a sufficient showing that the exception likely

applies, and (2) whether the requested class information is "readily available" to the defendant. *Luster*, 2022 WL 255408 at *6 (citations omitted).

Both elements are satisfied here, and limited expedited jurisdictional discovery would quickly resolve any doubts as to the Court's exercise of jurisdiction in this matter. Plaintiff made a sufficient showing that three of the exceptions likely apply. The record demonstrates a clear nexus between Illinois and the putative class members: Plaintiff's class definition is limited to individuals who purchased Defendants' products "in the State of Illinois" (Compl. ¶ 125), Defendants are admittedly citizens of Illinois (Dkt. No. 1, ¶ 15), and Plaintiff's causes of action are based solely on Illinois law (Compl. ¶¶ 131–259).

The information necessary to establish the citizenship of class members and determine whether CAFA jurisdiction is appropriate is readily available to Defendants. As required by law, Defendants have access to extensive records tracking their products from manufacture to point of sale, including information necessary to effectuate recalls of their products.[4] Likewise, and most telling, Defendants claim to have sufficient evidence to identify the citizenship of putative class members in their notice of removal. (Dkt. No. 1, ¶ 15.) Information relevant to making citizenship determinations is provided by consumers when reserving cannabis products for purchase online and, based on Defendants having purportedly identified states of citizenship of putative class members in their removal papers, it is readily available to Defendants.

---

[4] *See* 8 ILAC 1300.155(a) (requiring cultivators, like Defendants, to record and store item number, product name, and quantity of cannabis-infused products); 410 ILCS 705/55-21(e)(3) (requiring the use of unique serial numbers in packaging to facilitate recalls of Defendants' products which the Department of Agriculture or Defendants themselves deem appropriate); 410 ILCS 705/15-65(a) (requiring dispensing organizations, like Defendants' partner dispensaries, to establish written policies and procedures necessary to effectuate recalls of products, including establishing "a mechanism reasonably calculated to contact purchasers who have, or likely will have, obtained the product from the dispensary").

12

Likewise, dispensaries that sell Defendants' products frequently feature privacy policies which expressly call for the sharing of their consumer information with entities like Defendants. By example, Defendants' partner, Sunnyside dispensaries, whose privacy policy states that it "may collect" information including "name, address, email address, telephone number, and username or social media handle"; "Identity verification information"; and "Payment information, such as your method of payment and payment card information (including payment card number, expiration date, and delivery address)." *See* https://www.sunnyside.shop/privacy-policy.

Moreover, and as discussed above, the publicly available Illinois-tracked sales information supports Plaintiff's position that the majority of class members, in excess of two-thirds, are Illinois citizens. Such records are likely to contain information probative of citizenship. Requiring Defendants to search for and produce these records would not be burdensome or prejudicial, as they are maintained in the ordinary course of business, and Defendants have seemingly already obtained and reviewed them. Such information would allow, at the very least, for developing a sampling of the class distribution to determine what proportion is Illinois citizens.

Courts regularly permit expedited jurisdictional discovery when CAFA exceptions may apply and defendants possess the relevant information. *See, e.g.*, *Pecho v. Maui Jim, Inc.*, No. 21-CV-06202, 2022 WL 4609527, at *4 (N.D. Ill. Sep. 29, 2022) (ordering jurisdictional discovery while "acknowledging that the home state exception likely applies here, given that the class is defined to include only people who were harmed in Illinois"); *see Luster,* 2022 WL 255408, at *7 ("The Court feels this course of action is in line with the spirit of CAFA and the home state exception, which is designed to make federal courts available to national litigation, while allowing state courts to retain jurisdiction over local, state related controversies."); *McInnis v. SureStaff, LLC*, No. 21 C 0309, 2021 WL 4034072, at *2 (N.D. Ill. Sept. 3, 2021) (granting plaintiff's motion

13

for leave to take jurisdictional discovery). Since Defendants possess this essential citizenship information, and it is readily available to them, limited discovery is appropriate to determine whether any exception to CAFA requires or favors remand. Plaintiff proposes a reasonable timeline of seven days to issue discovery requests and 21 days for Defendants to respond. *See* Fed. R. Civ. P. 34(b)(2)(A).

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion to Remand or, in the alternative, grant Plaintiff leave to conduct expedited jurisdictional discovery to determine if CAFA's exceptions apply. Plaintiff also requests any other relief this Court deems appropriate.

Dated: March 20, 2025

Respectfully Submitted,

By: */s/ Teresa M. Becvar*

James B. Zouras
Ryan F. Stephan
Anna M. Ceragioli
Teresa M. Becvar
Justin M. Caparco
**Stephan Zouras, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
aceragioli@stephanzouras.com
tbecvar@stephanzouras.com
jcaparco@stephanzouras.com

Laura Luisi
Jamie Holz
**Luisi Holz Law**
LuisiL@luisiholzlaw.com

14

HolzJ@luisiholzlaw.com
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
Tel: (312) 639-4478

*Attorneys for Plaintiff and the Putative Class*

15